**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

EBONY F.

                            Plaintiff,

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

-------------------------------------------------------------x

22-CV-10927 (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The matter before the Court is a motion from Daniel Osborn, Esq. ("Osborn"), attorney for the Plaintiff in the above captioned matter, for an award of attorneys' fees and costs from his representation of Plaintiff in an appeal of her social security benefits denial. (ECF 25).

On January 3, 2023, Plaintiff commenced this action seeking review of an administrative law judge's decision to deny her social security benefits application.  (ECF 1). On September 27, 2023, the parties stipulated to an order remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to 42 U.S.C. § 405(g). (ECF 21). Following remand, Osborn and Commissioner agreed on a payment of $6,198 as attorneys' fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (ECF 26 at ¶10). Ultimately, Petitioner was awarded past-due social security benefits. (ECF 26-4).

On November 19, 2025,[1] Osborn moved for attorneys' fees, pursuant to 42 U.S.C. § 406(b), in the amount of $19,600. (ECF 25). On December 11, 2025, Commissioner filed a letter advising the Court that the Commissioner did not object to Osborn's motion. (ECF 30). Upon consideration of Osborn's motion and accompanying submissions, and the Commissioner's response thereto, Osborn's motion for attorneys' fees is **GRANTED**.

The Court has considered the following five factors to determine if the requested fee is reasonable: (1) the ability and expertise of the attorney(s); (2) the nature and length of the relationship counsel had with the claimant; (3) the claimant's satisfaction with the services provided by counsel; and (4) the uncertainty of an award of benefits. *Fields v. Kijakazi*, 24 F.4th 845, 854-856 (2d Cir. 2022).

The first two factors plainly favor the award of attorneys' fees. Osborn has frequently litigated successful social security cases in this district and others, and has overseen Plaintiff's case through remand and award since at least April 2023. (*See* ECF 27 at 5).

The requested fees represent 25% of the retroactive benefits awarded to Plaintiff.[2] Plaintiff's counsel supports the instant application with contemporaneous billing records that show 25 billable hours of work in conjunction with this matter, equating to $776 per hour (after subtracting $100 per hour for 2 hours of paralegal work), a reasonable rate for an attorney practicing in New York City, considering the uncertainty of recovery.  (ECF 26-2 at 3-4). Osborn's

---

[1] Osborn did not make this motion within 14 days of the entry of judgment, (*see Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019), which he attributes to the commissioner mailing the notice of entry to the wrong attorney. (ECF 27 at 3). The Court need not reach the question of when the filing deadline begins to run as the Commissioner does not dispute Osborn's position that his motion is timely. (*See* ECF 27 at 3).

[2] Osborn does not affirm the actual amount of the award and the notice of award at ECF 23-4) does not provide a total past due benefit amount. However, the Court will accept counsel's declaration that $19,600 is less than or equal to 25% of Plaintiff's past-due benefit award. (*See* ECF 26).

*de facto* hourly may appear high in part because he resolved this case in under 25 billable hours. (ECF 27 at 5). The Court will not punish efficiency by finding this *de facto* hourly rate unreasonable. *See Fox v. Comm'r of Soc. Sec.*, 766 F. Supp. 3d 475, 477 (S.D.N.Y. 2025) (quoting *Fields*, 24 F.4th at 854) ("with respect to the "windfall" issue...courts must consider more than the "de facto hourly rate"). Osborn's *de facto* hourly rate, in fact, is lower than awards that Courts in this district have found to be reasonable in the last decade. *See e.g.*, *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3-4 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72); *Nieves v. Colvin*, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (same, $1,009.11 hourly rate).

Finally, Defendant does object to the fee amount or point to any obvious inconsistency or inefficiency in Plaintiff's counsel's records. (ECF 30).  While taking no position, the Commissioner does intimate that Plaintiff's *de facto* hourly rate is high[3], however the Court does not take the idea of reducing contingency fees in social security cases lightly, certainly in the absence of an actual objection, because "that reduction can 'only serve to diminish the pool of attorneys willing to accept the risk of taking on' social security cases on a contingency fee basis in the future. " *Fox*, 766 F. Supp. 3d ar 478 (quoting *Puerto v. Happy Life Home Health Agency Inc.*, 704 F. Supp. 3d 403, 406-07 (S.D.N.Y. 2023). Accordingly, the requested fee clearly does not represent an unreasonable windfall to Plaintiff's counsel and is commensurate with their retainer contract. (ECF 26-2 at 5-6).

---

[3] *See* ECF 30 at 1 ("Plaintiff's counsel stated that he worked 25.0 hours before this Court...It is for the Court to decide if the request for attorney's fees ... is reasonable under the law.")

Based on the foregoing, Osborn may be awarded a total of $19,600 in attorneys' fees pursuant to 42 U.S.C. § 406(b). However, when, as here, an attorney receives fees under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.6 (2002). Therefore, Osborn must refund $6,198.00 to Plaintiff, representing the amount already paid to Osborn as EAJA fees. (ECF 26 at ¶10).

Accordingly, Osborn's motion for attorneys' fees is **GRANTED.** The Commissioner is **ORDERED** to remit **$19,600** to Osborn in full satisfaction of all claims for attorneys' fees in connection with this action from the amount in accordance with Defendant's policy. This Order is an award of fees only and not an order that the Commissioner shall pay Plaintiff or Plaintiff's counsel the above amount beyond what it withheld from Plaintiff's award. *See Gisbrecht*, 533 U.S. at 796.  Fees may be paid to Plaintiff's counsel directly by the Commissioner because Plaintiff has so agreed in writing, (see ECF 26-2 at 5-6) so long as Plaintiff owes no debt to the federal government that is subject to offset.

Ultimately, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." *Id.* at 798 n.6. Because "Social Security Act fees, whether for services before the [agency] or the court, are the plaintiff's debt and not the government's," *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016), if the withheld benefits in the Commissioner's possession are "insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

It is **FURTHER ORDERED** that Osborn will refund **$6,198.00** to Plaintiff **within 7 days of receiving payment from the Commissioner** or shall reduce any amount billed to Plaintiff by that amount, if payment is not received from the Commissioner. *See Gisbrecht*, 535 U.S. at 807-08.

Osborn is directed to serve a copy of this Order on Plaintiff at her last known address and file proof of such service on the docket by **December 19, 2025.**

The Clerk of Court is respectfully directed to close ECF 25.

**SO ORDERED.**

*/s/ Ona T. Wang*

Dated: December 15, 2025       **Ona T. Wang**
     New York, New York       United States Magistrate Judge